UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
LUCKY STAR MARKETING, LLC,

                Plaintiff,

                                              CASE NO.:

  -against-

NEW YORK MART GROUP, INC.,
IFRESH HARWIN, INC.,
NYM HOLDING, INC.,
DENG LONG a/k/a DENG "KEVIN" LONG,

                Defendants.
-----------------------------------X

## COMPLAINT

Plaintiff Lucky Star Marketing, LLC ("Plaintiff" or "Lucky Star") brings this complaint against defendants New York Mart Group, Inc. ("NY Mart"), iFresh Harwin, Inc. ("iFresh"), NYM Holding, Inc. ("NYM"), and Deng Long a/k/a Deng "Kevin" Long ("Long") (NY Mart, iFresh, NYM, and Long, collectively, "Defendants"), and alleges as follows:

## PARTIES

1.    At all relevant times, Lucky Star was (a) a California limited liability company having its office and principal place of business located in San Bernardino, California, (b) in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereinafter "produce") in interstate and foreign commerce, and (c) a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA").

2.    Upon information and belief, NY Mart is a corporation with its principal place of business located at 2-39 54th Avenue, Long Island City, New York 11101. NY Mart is engaged

in the business of, among other things, buying wholesale quantities of produce and selling such produce in retail commerce, and was, at all relevant times, subject to the provisions of PACA as both a retailer and a dealer as such terms are defined under PACA.

3. Upon information and belief, iFresh is a corporation with its principal place of business located at 2-39 54th Avenue, Long Island City, New York 11101. iFresh is engaged in the business of, among other things, buying wholesale quantities of produce and selling such produce in retail commerce, and was, at all relevant times, subject to the provisions of PACA as both a retailer and a dealer as such terms are defined under PACA.

4. Upon information and belief, NYM is a corporation with its principal place of business located at 2-39 54th Avenue, Long Island City, New York 11101. NYM is engaged in the business of, among other things, buying wholesale quantities of produce and selling such produce in retail commerce, and was, at all relevant times, subject to the provisions of PACA as both a retailer and a dealer as such terms are defined under PACA.

5. Upon information and belief, Long is, and during all times mentioned herein was, an officer, director, and/or shareholder of NY Mart, iFresh and NYM, having his principal place of business located at 2-39 54th Avenue, Long Island City, New York 11101.

6. Plaintiff is informed, believes, and thereon alleges that NY Mart, iFresh and NYM are alter-egos of each other, and that treating these entities (hereinafter collectively referred to as the "Corporate Defendants") as distinct from each other would permit abuse of the corporate privilege and injustice, given that:

    A. The Corporate Defendants are under common ownership and control, being owned and managed by Long;

B. The Corporate Defendants maintain, and during all times mentioned herein maintained, the same office and principal place of business address of 2-39 54th Avenue, Long Island City, New York 11101;

C. The Corporate Defendants maintain, and during all times mentioned herein maintained, common telephone numbers; and

D. NYM is a shareholder of NY Mart and publicly holds itself out to be a Reported Principal and co-owner of NY Mart along with Long.

7. Plaintiff is informed, believes and thereon alleges that adherence to the fiction of the separate existence of the Corporate Defendants as entities distinct one from the other would permit an abuse of the corporate privilege and would promote injustice.

## JURISDICTION

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and PACA.

9. Venue in this District is proper based upon 28 U.S.C. § 1391 in that, upon information and belief, Defendants reside in this District, the events giving rise to Lucky Star's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated within this District.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Between on or about November 27, 2017 and February 2018, Lucky Star sold and delivered to NY Mart in interstate commerce, wholesale quantities of produce (the "NY Mart Produce") in the aggregate principal amount of at least $75,940.66.

11. Between on or about November 20, 2017 and December 26, 2017 Lucky Star sold and delivered to iFresh in interstate commerce, wholesale quantities of produce (the "iFresh Produce") in the aggregate principal amount of at least $24,067.50.

12. NY Mart accepted the NY Mart Produce and Lucky Star's invoices for the NY Mart Produce, which invoices were provided timely.

13. iFresh accepted the iFresh Produce, as well as Lucky Star's invoices for the iFresh Produce, which invoices were provided timely.

14. Despite repeated demands by or on behalf of Lucky Star to Defendants, none of the Defendants have paid any amounts for the NY Mart Produce or the iFresh Produce (collectively, the "Produce") set forth on the invoices (collectively, the "Invoices"), other than as set forth herein below.

15. Lucky Star is a beneficiary of a statutory trust created under PACA [7 U.S.C. § 499e *et seq.*], which trust consists of assets for all unpaid amounts of the Produce.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE CORPORATE DEFENDANTS
**(Breach of Contract)**

16. Lucky Star incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. At or about the date of each transaction described at paragraphs 10 and 11, above, Plaintiff forwarded to NY Mart and iFresh invoices for said transactions setting forth in detail the amounts owed by said defendants for their respective purchase of the commodities, cumulatively totaling at least $100,008.16 as set forth above.

18. Plaintiff has repeatedly demanded that NY Mart and iFresh pay the amounts due and owing under the invoices. However, the Corporate Defendants have failed and refused, and continue to fail and refuse, to pay Plaintiff for the Produce.

19. Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of the Produce as set forth herein.

20. As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff as described herein, Plaintiff has suffered damages and cumulative losses in the amount of at least $100,008.16, plus recoverable attorney's fees and interest at the highest legal rate.

## AS AND FOR A SECOND CAUSE OF ACTION
## <u>AGAINST NY MART</u>
### (Enforcement of Reparation Award of the U.S. Secretary of Agriculture)

21. Lucky Star incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. In 2018, Plaintiff timely filed an administrative reparation complaint with the U.S. Department of Agriculture ("USDA") before the U.S. Secretary of Agriculture, seeking an award confirming the balance due to Plaintiff from NY Mart and seeking to collect that balance. The sales transactions that are the subject of Plaintiff's administrative complaint against NY Mart are the same sales transactions that are included in this complaint against NY Mart (and others). The administrative complaint was assigned PACA Docket No. E-R-2018-174.

23. Plaintiff's Reparation Complaint was duly served on NY Mart by the Secretary of Agriculture pursuant to the Rules of Practice, and NY Mart thereafter defaulted.

24. On February 28, 2019, after due consideration of all pleadings, documents and other evidence submitted by Plaintiff in connection with Plaintiff's USDA reparation complaint,

5

the Secretary of Agriculture issued a Reparation Order in favor of Plaintiff and against NY Mart in the amount of $87,659.76, together with interest thereon at the rate of 2.55% per annum from May 1, 2018, until paid, plus the amount of $500.00 (filing fee). A true and correct copy of said Reparation Order is attached hereto as **Exhibit 1** and incorporated herein by reference.

25. NY Mart failed to pay the Reparation Order, except for partial payment of $11,719.10, leaving a net amount due under the Reparation Order of $75,940.66.

26. The deadline for NY Mart to appeal the USDA Reparation Order was March 30, 2019, and no appeal was filed. A true and correct copy of the USDA's written notice of award and appeal period is attached hereto and **Exhibit 2** and incorporated herein by reference.

27. NY Mart failed to pay the net remaining amount due under the Reparation Order of $75,940.66 within the time specified by the USDA, and the amount remains unpaid.

28. Long is listed on the USDA's written notice of Award (Exhibit 2) as holding a position as owner, partner, member, manager, officer, director and/or stockholder of NY Mart and is therefore considered to be responsibly connected to NY Mart.

29. As a direct and proximate result of NY Mart's failure to pay the amount awarded by the USDA as described above, Plaintiff has suffered losses in the principal amount of at least $75,940.66, plus recoverable post-award interest and attorney's fees incurred in bringing this action.

30. If any commission merchant, dealer, or broker does not pay the reparation award within the time specified in the Secretary's Order, the complainant, or any person for whose benefit such order was made, may within three years of the date of the order file in the district court of the United States for the district in which he resides or in which is located the principal place of business of the commission merchant, dealer, or broker, a complaint setting forth the

causes for which he claims damages and the order of the Secretary. [7 U.S.C. § 499g(b)]. The findings and orders of the Secretary shall be prima facie evidence of the facts therein stated, and the Plaintiff shall not be liable for costs in the district court and, in the event Plaintiff prevails, Plaintiff shall be entitled to recover a reasonable attorney's fee to be taxed and collected as a part of the costs of the suit. [7 U.S.C. § 499g(b)].

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
**(Enforcement of Statutory Trust Provisions of PACA)**

31. Lucky Star incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping produce as defined by PACA [7 U.S.C. § 499a(b)(4)].

33. Plaintiff is informed, believes, and thereon alleges that during all times relevant herein, all of the Corporate Defendants were "dealers" and/or "retailers" engaged in the business of buying and selling produce in "wholesale and jobbing quantities" (*see* 7 U.S.C. § 499(b)(6) and 7 C.F.R. § 46.2(x)) and were on that basis subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

34. The Produce was purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

35. Pursuant to 7 U.S.C. § 499e(c)(1)-(4) of the PACA upon receipt of the Produce sold by Plaintiff to the Corporate Defendants, Plaintiff became a beneficiary of a floating, non-segregated statutory trust on all of the Corporate Defendants' produce, all inventories of food or

other products derived from produce, and any receivables or proceeds from the sales of such produce or products or assets derived therefrom.

36. Pursuant to the statutory trust provisions of PACA [7 U.S.C. § 499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $100,008.16 for the Produce sold to the Corporate Defendants, which remains past due and unpaid.

37. Specifically, Plaintiff preserved its statutory trust rights under PACA by providing written notice of Plaintiff's intent to preserve said Plaintiff's PACA trust rights on the face of each invoice issued to the Corporate Defendants as required by 7 U.S.C. § 499e(c)(4).

38. Upon information and belief, at all relevant times herein, Long is and was an officer, director and/or shareholder who operated the Corporate Defendants and is and was in a position of control over the PACA trust assets belonging to Lucky Star.

39. Plaintiff is informed and believes for the reasons alleged herein above, that Defendants are each statutory trustees under PACA.  The PACA trust requires the Defendants to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that the Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, in violation of the provisions of the PACA, 7 U.S.C. § 499(b)(4) and 7 C.F.R.§ 46.46 and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

40. Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sales of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. § 46.46(c)]. The statutory trust created by the PACA gives priority to the interests of Plaintiff on all inventories of products derived from produce, and any receivables or proceeds from the sales of such commodities or products that have been transferred to secured or unsecured creditors.

41. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $100,008.16, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust.

### AS AND FOR A FOURTH CAUSE OF ACTION
### <u>AGAINST ALL DEFENDANTS</u>
### (Violation of PACA: Failure to Account and Pay Promptly)

42. Lucky Star incorporates each and every allegation set forth in paragraphs 1 to 41 above as if fully set forth herein.

43. Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, all in violation of the PACA and all other pertinent regulations issued by the Secretary of Agriculture regarding the PACA.

44. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative loss of at least $100,008.16 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and interest in amounts to be determined.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
#### (Breach of Fiduciary Duties)

45. Lucky Star incorporates each and every allegation set forth in paragraphs 1 to 44 above as if fully set forth herein.

46. Plaintiff is informed, believes and thereon alleges that Long is and during times relevant to this action was the controlling officer, director, member, and/or shareholder of the Corporate Defendants.

47. As the controlling officer, director, member, and/or shareholder of the Corporate Defendants, Long had and continues to have a duty to ensure that the Corporate Defendants fulfilled their duties as PACA trustees and maintain the PACA trust assets in such a manner so as to ensure there were and is, at all times, sufficient trust assets available to satisfy all outstanding PACA trust obligations, such as those owed to Plaintiff, as the obligations became due.

48. Plaintiff is informed, believes and thereon alleges that during times herein that Long had full knowledge and responsibility for the handling of the Corporate Defendants' duties as trustees of the PACA trust.

49. Plaintiff is informed, believes and thereon alleges that Long controlled or had and continues to have a duty to control the Corporate Defendants' operations and financial dealings, including those involving the PACA trust assets.

50. Plaintiff is informed, believes and thereon alleges that the Corporate Defendants breached their fiduciary duty to maintain sufficient PACA trust assets to pay all PACA trust claims as they became due.

51. Plaintiff is informed, believes and thereon alleges that Long breached his fiduciary duties to direct the Corporate Defendants to fulfill their duties as a PACA trustees to preserve and maintain sufficient PACA trust assets to pay Plaintiff for the Produce.

52. As a direct and proximate cause and result of Defendants' breaches of their fiduciary duties, Plaintiff has incurred damages in the cumulative amount of at least $100,008.16 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA.

53. As a statutory PACA trustee, Long is personally jointly and severally liable to Plaintiff for the breach of fiduciary duty in dissipating the PACA trust to the extent of $100,008.16, less any monies Plaintiff receives from the PACA trust assets.

**WHEREFORE**, Lucky Star requests the following relief:

A. On the FIRST CAUSE OF ACTION, judgment against the Corporate Defendants in the amount of at least $100,008.16, plus interest, costs and reasonable attorneys' fees;

B. On the SECOND CAUSE OF ACTION, judgment against NY Mart in the amount of $75,940.66, plus interest, costs and reasonable attorney's fees;

C. On the THIRD CAUSE OF ACTION, judgment against Defendants, jointly and severally, in the cumulative amount of at least $100,008.16, plus interest, costs and reasonable attorney's fees;

D.  On the FOURTH CAUSE OF ACTION, judgment against Defendants, jointly and severally, in the amount of at least $100,008.16, plus interest, costs and reasonable attorney's fees;

E.  On the FIFTH CAUSE OF ACTION, judgment against Defendants, jointly and severally, for damages in the amount of at least $100,008.16, plus interest, costs and reasonable attorney's fees; and

F.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

BODNER LAW PLLC

Dated: May 23, 2019        By: _____
Jonathan S. Bodner, Esq. (JB-2399)
40 Cutter Mill Road, Suite 301
Great Neck, New York 11021
(T) (516) 444-3923
jbodner@bodnerlawpllc.com

*Local Counsel to Plaintiff,*
*Lucky Star Marketing, LLC*

-and-

RYNN & JANOWSKY, LLP
R. Jason Read (CA State Bar No. 117561)
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
(T) (949) 430-3424
jason@rjlaw.com

*Counsel to Plaintiff,*
*Lucky Star Marketing, LLC*

# EXHIBIT 1

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | |
|---|---|
| Lucky Star Marketing LLC, ) | PACA Docket No. E-R-2018-174 |
| ) | |
| Complainant ) | |
| ) | |
| v. ) | Order Requiring Payment of |
| ) | Undisputed Amount and Order |
| New York Mart Group, Inc., ) | Granting Complainant's Motion to |
| ) | Deny Respondent's Request for Oral |
| Respondent ) | Hearing |

Complainant instituted this reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. §§ 499a-499s) (PACA); and the Rules of Practice under the PACA (7 C.F.R. §§ 47.1-47.49) (Rules of Practice), by filing a timely Complaint. Complainant seeks a reparation award against Respondent, for $92,627.52, in connection with transactions involving perishable agricultural commodities in interstate or foreign commerce. A copy of the Complaint was served upon Respondent, and Respondent filed an Answer admitting that $87.659.76 of the amount claimed by Complainant, was due and owing to Complainant.

Section 7(a) of the PACA provides:

§ 499g. Reparation Order

(a) Determination by Secretary of Agriculture of amount of damages; order for payment.

If, ...after the Respondent has filed his answer to the Complaint, it appears therein that the Respondent has admitted liability for a portion of the amount claimed in the Complaint as damages, the Secretary ,.. may issue an order directing the Respondent to pay to the Complainant the undisputed amount ... leaving the Respondent's liability for the disputed amount for subsequent determination.

7 U.S.C. § 499g (a).

Accordingly, pursuant to section 7(a) of the PACA (7 U.S.C. § 499g(a)), Respondent shall pay to Complainant the undisputed amount that it has admitted owing in its Answer.

Complainant is a limited liability company, whose address is 1194 E. Brier Drive, San Bernardino, CA 92408.

Respondent is a corporation, whose address is 2-39 54th Avenue, Long Island City, NY 11101.

Respondent was licensed or was subject to license under the PACA at the time of the transaction or transactions involved in this proceeding.

On the basis of Respondent's admission of liability, I conclude that the actions of Respondent are in violation of section 2 of the PACA (7 U.S.C. § 499b) and have resulted in damages to Complainant for which reparation should be awarded to Complainant.

Section 5(a) of the PACA requires that we award to the person or persons injured by a violation of section 2 of the PACA "the full amount of damages. . . Sustained in consequence of such violations." Such damages include interest. *See Louisville & Nashville R.R. v. Sloss-Sheffield Steel & Iron Co.*, 269 U.S. 217, 239-40 (1925); *see also Louisville & Nashville R.R. v. Ohio Valley Tie Co.*, 242 U.S. 288, 291 (1916); *Crockett v. Producers Mktg. Ass'n*, 22 Agric. Dec. 66, 67 (1963).

The interest to be applied

> shall be determined in accordance with 28 U.S.C. § 1961, i.e., the interest rate shall be calculated...at a rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the Order.

*PGB Int'l, LLC v. Bayche Cos., Inc.*, 65 Agric. Dec. 669, 672-73 (2006); Notice of Change in Interest Rate Awarded in Reparation Proceedings Under the Perishable Agricultural Commodities Act, 71 Fed. Reg. 25, 133 (Apr. 28, 2006).

Pursuant to section 5(a) of the PACA (7 U.S.C. § 499e(a)), the party found to have violated section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fee paid by the injured party. Complainant in this action paid a $500 handling fee to file its Complaint.

3

Accordingly, within 30 days from the date of this Order, Respondent shall pay to Complainant, as reparation, the amount set forth in the reparation award, which I find to be the amount of damages to which Complainant is entitled for Respondent's violation or violations of section 2 of the PACA (7 U.S.C. § 499b).

Respondent requested an oral hearing as the total amount of Complainant's Complaint was over $30,000.00. On December 19, 2018, the Department received a Motion to Deny Oral Hearing upon Complainant's receipt of Respondent's Answer. As indicated by Respondent's Answer, it admits to owing $87,659.76 of the $92,627.52, leaving a disputed amount of $4,967.76. This disputed amount is below the $30,000.00 threshold for holding an oral hearing; therefore, Complainant's Motion is Granted and Respondent's request for oral hearing denied.

### Order

Respondent shall pay Complainant the undisputed amount of $87,659.76, with interest thereon at the rate of __2.55__ percent per annum from May 1, 2018, until paid, plus the amount of $500.00. Respondent's liability for payment of the disputed amount is left for subsequent determination under the documentary procedure.

Complainant's Motion to Deny Respondent's Request for Oral Hearing is granted.

Copies of this Order shall be served on the parties.

Done at Washington, D.C.
February 28, 2019
Judge Bobbie J. McCartney   Digitally signed by Judge Bobbie J. McCartney

Bobbie J. McCartney
Judicial Officer
Office of the Secretary

# EXHIBIT 2


**USDA** Agricultural Marketing Service


ENTERED
MAR 4 2019

1400 Independence Ave., SW
Room 1510-S, Stop 0242
Washington, D.C. 20250-0242

February 28, 2019

In reply refer to:
File PACA E-R-2018-174

Western Grower Association
15525 Sand Canyon
Irvine, CA 92618

Dear Sir/Madam:

Re: Lucky Star Marketing LLC v. New York Mart Group, Inc.

Enclosed is the order issued on February 28, 2019, in the file referenced above under the Perishable Agricultural Commodities Act (PACA).

Please notify this office immediately in writing when your client, Lucky Star Marketing LLC, receives payment of the award. If your client wishes to petition this order, it must be submitted within 20 days from receipt of this letter. If your client files an appeal, it must be filed in a United States District Court by March 30, 2019. Information is available on our website at www.ams.usda.gov/paca in the Complaint Rules of Practice for the petition process and the PACA Statute for the appeal process.

If the order is not paid and New York Mart Group, Inc., has an active license, the license will be automatically suspended, effective close of business on April 5, 2019, in accordance with section 7(c) and (d) of the Act, as amended. If the firm has an inactive license or is not licensed, then sanctions will be imposed against the business.

Additionally, the individual proprietor, partners, members/managers (Limited Liability Company), officers, directors and/or holders of more than 10 percent of the stock in the firm cannot be employed by or affiliated in any capacity with, any other licensee under the Act for a period of two years without the approval of the Secretary and the posting of a suitable surety bond. Failure to comply could result in an extension of the employment sanctions and an administrative action against the employing firm. If your client has knowledge of continued business activities of the firm, please notify the PACA regional office in which the complaint was filed.

We have made an initial determination that the following individual(s) holds position(s) as owner, partner(s), member(s), manager(s), officer(s), director(s) and/or stockholder(s) and are determined to be responsibly connected with the firm:

Deng Long.

If the order is not satisfied, your client may file suit in the United States District Court for the district in which your client is located as provided in section 7(b) of the Act, as amended. Information about your client's filing rights with the District Court is also accessible on our website by clicking the PACA Statute link.

Western Grower Association
Page 2

If your client files a civil action and the civil order is paid, please notify this office promptly in writing. You may contact our office regarding this matter at (202) 720-2890, by fax at (202) 690-2815, or by email at PACAdispute@ams.usda.gov.

Sincerely,

**COREY ELLIOTT**
Digitally signed by COREY ELLIOTT
Date: 2019.02.28 14:16:35 -05'00'

John A. Koller
for Chief, Dispute Resolution Branch
PACA Division

Enclosure